UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON R.S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5645-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1982, AR 191, has a GED, AR 232, and has worked as a salvager, AR 24. Plaintiff was last gainfully employed in 2015. AR 214.

On March 16, 2021, Plaintiff applied for benefits, alleging disability as of June 5, 2005. AR 189–99. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 82–86, 90–94, 100–03. After the ALJ conducted a hearing on March 7, 2023, the ALJ issued a decision finding Plaintiff not disabled. AR 14–31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since March 16, 2021, the application date.

**Step two**: Plaintiff has the following severe impairments: bipolar disorder, post-traumatic stress disorder, and amphetamine use disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: avoid unprotected heights and dangerous or moving machinery; work should be an unskilled, simple, routine, and repetitive, with no interaction with the general public and only occasional interaction with supervisors and co-workers; work should be low stress in nature, defined as no fast-paced or high production quotas; can work in proximity to others, but not on joint or shared tasks; and no more than simple decision making required.

**Step four**: Plaintiff can perform past relevant work as a salvager.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19–26.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by discounting the opinion of Dr. Alysa Ruddell, Ph.D., and by relying on the ALJ's own lay interpretation of the medical evidence and raw medical data in determining Plaintiff's residual functional capacity ("RFC"), as opposed to the interpretation of Dr. Ruddell. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

### A. Medical Opinion Evidence

On March 18, 2019, Dr. Ruddell completed a consultative psychological evaluation of Plaintiff. AR 303–07. Following the evaluation, Dr. Ruddell opined that Plaintiff had marked limitations in the following abilities: understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; learn new tasks; adapt to changes in a routine work setting; complete a normal workday and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. AR 305. Dr. Ruddell evaluated Plaintiff for a second time on November 18, 2019, AR 311–15, and opined marked limitations in Plaintiff's ability to maintain a regular schedule, learn new tasks, adapt to changes, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal workday and workweek without interruptions from psychologically based symptoms, and set realistic goals and plan independently, AR 313.

The ALJ found Dr. Ruddell's opinion unpersuasive, concluding it was poorly supported and inconsistent with the record. Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff challenges both the ALJ's supportability and consistency findings. The Court will address each challenge in turn.

*1.     Supportability*

The ALJ found Dr. Ruddell's opinions unpersuasive on the ground that the "examination findings did not support marked findings."  AR 24.  Specifically, the ALJ noted that Dr. Ruddell suggested that Plaintiff had impaired memory, but indicated that Plaintiff was only one digit short of falling in the normal range.  AR 24 (citing AR 314).  Similarly, the ALJ noted that Dr. Ruddell indicated Plaintiff had difficulty tracking the conversation, but was able to complete a valid three-step command.  AR 24 (citing AR 306).

Plaintiff argues the ALJ erred by failing to indicate how these portions of the examination were inconsistent with Dr. Ruddell's findings of marked limitations.  Dkt. 9 at 4.  The Court agrees.  Dr. Ruddell opined that Plaintiff had marked limitations in the ability to perform detailed instructions, maintain regular attendance, learn new tasks, adapt to changes, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete work without interruptions from psychologically based symptoms, and set realistic goals and plan independently.  AR 305, 313.  While the ALJ concluded that Plaintiff's nearly normal memory testing and his ability to follow a valid three-step command undermined Dr. Ruddell's conclusion that Plaintiff had impaired memory and difficulty tracking conversation, the ALJ did not explain how these findings undermined the aforementioned marked limitations.

Moreover, the ALJ failed to acknowledge or address the examination findings that seemingly supported Dr. Ruddell's conclusions.  In addition to noting that Plaintiff was experiencing impaired memory and difficulty tracking conversation, Dr. Ruddell observed that Plaintiff was malodorous, restless, and anxious.  AR 306.  Dr. Ruddell further observed that Plaintiff was paranoid; experiencing visual and auditory hallucinations; and experiencing impaired orientation to time and place, impaired insight and judgment, impaired concentration,

and impaired problem solving.  AR 306; *see also* AR 314.  The ALJ's failure to account for or address these abnormal findings when assessing the supportability of Dr. Ruddell's opinion was in error.

The Commissioner argues that the ALJ properly discounted Dr. Ruddell's opinion by finding that, because the opinion predated Plaintiff's application for benefits, it was of limited relevance.  Dkt. 12 at 4.  Contrary to the Commissioner's assertions, however, the ALJ made no such finding.  As the ALJ acknowledged, while SSI is not payable prior to the application for benefits, a claimant's medical history during the period of claimed disability is relevant to his claim.  AR 17.  And even if the ALJ had found that Dr. Ruddell's opinion was of limited relevance for predating Plaintiff's application for benefits, this finding would be in error.  "Medical opinions that predate the alleged onset of disability are of limited relevance[,]" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); however, here, Plaintiff's alleged onset of disability was in 2005, AR 191, making Dr. Ruddell's 2019 opinion relevant to Plaintiff's claim.

       2.      *Consistency*

The ALJ found Dr. Ruddell's opinion unpersuasive on the ground that it was inconsistent with the record, noting that "the most recent therapy notes in the record documented cooperative behavior, normal affect, and logical thought processes[,]" AR 24 (citing AR 494), and that Plaintiff could go grocery shopping and take public transportation, AR 24 (citing AR 323).

Plaintiff argues this was in error because, by cherry picking a single instance of normal mental status exam findings, the ALJ failed to account for numerous other instances of abnormal findings.  Dkt. 9 at 5–7.  Plaintiff further argues that the ALJ's failure to consider Plaintiff's

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

ability to grocery shop and take public transportation in context undermined the ALJ's conclusion that these activities conflicted with Dr. Ruddell's opinion. *Id.* at 7.

The Court agrees. While Plaintiff's mental status appeared normal during the encounter referenced by the ALJ, the record contained numerous other instances of abnormal mental status findings which the ALJ failed to address. *See* AR 328–29 (mumbling speech, blunted/flat affect, and vague statements requiring significant prompting); 344 (anxious, fatigued, and depressed); 349 (anxious); 389 (same); 392 (same); 411 (anxious, fatigued, and depressed); 418 (anxious); 421 (same); 436 (anxious, reported hallucinations, paranoid, and tense speech); 439 (paranoid hallucinations reported); 476 (guarded, apathetic, depressed, and soft speech); 483 (same); 485 (guarded, soft speech, and depressed); 488 (same). And while Plaintiff testified that he could grocery shop and take public transportation, he further testified that he did so early in the morning to avoid other people.[3] AR 44.

An ALJ is required to examine evidence in the broader context of a claimant's impairment. *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). In doing so, an ALJ cannot simply "pick out a few isolated instances of improvement over a period of months or years[,]" but must interpret "reports of 'improvement' . . . with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("[A]lthough Scott had improved with treatment, she nevertheless continued to frequently experience bouts of crying and feelings of paranoia. The ALJ was not permitted to 'cherry pick' from those mixed results to

---

[3] The Commissioner argues that the ALJ reasonably discounted Plaintiff's testimony and that, because Plaintiff did not challenge that portion of the ALJ's opinion, he is precluded from relying on his subjective allegations in otherwise arguing that the ALJ erred. Dkt. 12 at 7. But because the ALJ purports to credit Plaintiff's testimony about his daily activities to discount Dr. Ruddell's opinion, the Court will consider the entire context of that testimony in assessing the ALJ's opinion.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

support a denial of benefits."). Because the ALJ relied on an isolated instance of Plaintiff's improved mental status, as well as on Plaintiff's ability to grocery shop and take public transportation, without consideration of the broader context of the record, the ALJ's consistency finding was not supported by substantial evidence.

The Commissioner argues that, contrary to Plaintiff's allegations of cherry picking, the ALJ noted in an earlier portion of the opinion many instances in which Plaintiff exhibited normal behavior. Dkt. 12 at 5 (citing AR 22–23). Per the Commissioner, "the ALJ was not required to discuss this evidence yet again when evaluating Dr. Ruddell's opinion." *Id.* (citing *Magallanes*, 881 F.2d at 755 (noting that the Court may "read the paragraph discussing [contrary findings], and draw inferences relevant to [the doctor's] findings and opinion, if those inferences are there to be drawn.")).

But by only discussing Plaintiff's seemingly normal behavior in an earlier portion of the opinion, the ALJ failed to analyze that behavior against Dr. Ruddell's exam findings. Because the Court cannot determine which of Dr. Ruddell's findings the ALJ believed Plaintiff's seemingly normal behavior undermined, the ALJ erred. *See Dominique Wilson v. Acting Comm'r of Soc. Sec.*, No. 3:20-CV-0257-HRH, 2021 WL 4907187, at *5 (D. Alaska Oct. 21, 2021) ("It is not sufficient for the ALJ to make a conclusory finding that a medical opinion is unsupported, which is what the ALJ did here. The ALJ may have cited to evidence in a different part of his decision, but the ALJ did nothing to connect that evidence to his supportability finding.").

B. RFC Analysis

Plaintiff argues the RFC is not supported by substantial evidence because the ALJ, when formulating the RFC, erroneously discounted Dr. Ruddell's medical opinion of Plaintiff's

functioning—the only medical opinion of record—and instead relied on her own lay interpretation of the medical records and raw medical data.  Because the Court reverses and remands the Commissioner's final decision on the ground that the ALJ failed to properly consider Dr. Ruddell's opinion, the Court does not reach whether the ALJ erred in formulating Plaintiff's RFC without consideration of Dr. Ruddell's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate the opinion of Dr. Ruddell; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability process as appropriate.

Dated this 23rd day of January, 2024.

S. KATE VAUGHAN
United States Magistrate Judge